UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHRISTOPHER HENRIQUEZ,

                Plaintiff,

        -against-

LAW ENFORCEMENT ARRESTING OFFICERS
IN N.Y.C. DETECTIVE SGT. RODRIGUEZ,
DETECTIVE TROTTER, DETECTIVE LOESCH,
DETECTIVE DAVIS, C.A DETECTIVE ORMAN,
and C.A. DETECTIVE WELSH,

                Defendants.
-------------------------------------------------------------x

**TOWNES, United States District Judge:**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 1 2 2012

BROOKLYN OFFICE

**<u>MEMORANDUM AND ORDER</u>**

11-CV-5143 (SLT) (CLP)

On August 29, 2011, plaintiff Christopher Henriquez, who is currently on death row in California, commenced this action in the United States District Court for the Northern District of California. Although plaintiff's complaint consists of a completed form for filing a "Complaint under the Civil Rights Act, Title 42 U.S.C. § 1983," the complaint only seeks the return of personal property -- including $49,000 in cash, a watch and jewelry -- seized when plaintiff was arrested in New York on August 13, 1996. The caption of the complaint names six officers allegedly involved in his arrest -- Detective Sgt. Rodriguez and Detectives Trotter, Loesch, Davis, Orman and Welsh -- and the complaint implies that one or more of these defendants may be "responsible for stealing/taking [his] personal property" (Complaint at ¶ IV). The complaint does not specifically seek money damages from these individuals.

While the caption of the complaint states that Orman and Welsh are "C.A. Detective[s]," the complaint does not include any other allegations that would assist in identifying any of the six named defendants. However, the complaint does specifically allege that plaintiff was arrested



"on 8-13-96 inside the central Terminal United A/L Gate #C-11 J.F.K. Airport in N.Y.C." (*id.* at ¶ III). In addition, the complaint references a "form" – errantly docketed as an attachment to plaintiff's request to proceed *in forma pauperis* – which indicates that the Federal Bureau of Investigation shipped four boxes of plaintiff's personal property via FedEx from New York to Supervisory Special Agent Gary Burton in San Francisco on August 16, 1996.

By order dated October 18, 2011, Judge Charles R. Breyer of the United States District Court for the Northern District of California transferred this case to this Court. Although the caption suggested that two of the named defendants were California detectives, Judge Breyer construed plaintiff's complaint as raising § 1983 claims solely against law enforcement officers at JFK airport. Accordingly, Judge Breyer transferred the case to this Court pursuant to 28 U.S.C. § 1391(b).

After the case was transferred to this Court, the complaint was reviewed pursuant to 28 U.S.C. § 1915A. This Court elected not to issue a *sua sponte* order, but directed that summonses be issued and that the United States Marshals Service serve the defendants without prepayment of fees. The docket sheet does not reflect whether the defendants have yet been served. However, by letter dated December 22, 2011, the Law Department of the City of New York ("Corporation Counsel") requested that this Court *sua sponte* dismiss the action on the ground that plaintiff's § 1983 claims are barred by the statute of limitations. Corporation Counsel's letter does not indicate which, if any, of the six defendants it represents.

## DISCUSSION

Corporation Counsel's request is denied for two reasons. First, it is unclear which, if any, of the defendants Corporation Counsel represents. According to a contemporaneous news

article, plaintiff was arrested on August 13, 1996, at LaGuardia Airport – not J.F.K. – by Port Authority Police Officers and FBI agents in connection with a double homicide in Antioch, California, and the robbery of a California bank. Pete Donohue, *Double-Slay Suspect Nabbed Leaving Plane*, N.Y. Daily News, Aug. 15, 1996 (available at http://articles.nydailynews.com/ 1996-08-15/news/18024265_1_port-authority-old-fashioned-detective-work-suspected). This article quotes Port Authority Detective Cliff Loesch as stating that plaintiff was carrying nearly $50,000 in cash in a knapsack when he was arrested, and praises both Loesch and Port Authority Detective John Trotter for their part in the arrest. *Id.* Other contemporaneous news articles refer to an Antioch Police Detective Leonard Orman, who was among the detectives investigating the double murder. Erin Hallissy, *Man Confesses to Antioch Slayings, Police in N.Y. Say*, SFGate. com, Aug. 17, 1996 (available at http://articles.sfgate.com/1996-08-17/news/ 17781818_1_new-york-orman-bank-robbery-jfk-airport ). Neither article mentions Detective Sgt. Rodriguez, Detective Welsh or Detective Davis, but this Court notes that the caption of the complaint suggests that Detective Welsh is a California detective and that the person who drafted the FBI form referenced in plaintiff's complaint was one Rodney M. Davis.

Second, although the complaint consists of a completed § 1983 form, it is unclear whether plaintiff intends to bring this action solely pursuant to 42 U.S.C. § 1983. Plaintiff's complaint does not allege a violation of the federal constitution or federal law, and does not seek money damages from any specific individual. Rather, the complaint appears to seek only the return of property seized during plaintiff's August 13, 1996, arrest. Accordingly, while this Court might dismiss plaintiff's § 1983 claims on the grounds suggested by Corporation Counsel, it is not prepared to dismiss the entire action *sua sponte* at this juncture.

*CONCLUSION*

For the reasons stated above, Corporation Counsel's request that this Court *sua sponte* dismiss the action pursuant to 28 U.S.C. § 1915 is denied.  If Corporation Counsel appears on behalf of one of the defendants in this action, it may file a pre-motion conference request seeking permission to dismiss the § 1983 claims on the ground identified in the letter dated December 22, 2011.  *See* Individual Motion Practices and Rules of Judge Sandra L. Townes, § III.A.  While the United States Marshals Service should be able to serve defendants Trotter, Loesch, and Orman based on the information provided herein, plaintiff is advised that service upon the remaining defendants may not be possible unless he can provide additional information relating to these defendants.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: January *10*, 2012
       Brooklyn, New York

4