UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER HENRIQUEZ,

                Plaintiff,

    - against -

RODRIGUEZ, *et al.*

                Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 25 2012 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

11-CV-5143 (SLT) (CLP)

**TOWNES, United States District Judge:**

    Plaintiff Christopher Henriquez ("Plaintiff"), proceeding *pro se*, commenced this action on September 29, 2011, alleging that Detectives Rodriguez, Trotter, Loesch, Orman, Davis and Welsh (collectively, "Defendants") illegally seized Plaintiff's property during Plaintiff's August 13, 1996 arrest at John F. Kennedy International Airport in New York.[1] On June 21, 2012, Magistrate Judge Cheryl L. Pollack issued a report and recommendation (the "R&R") recommending the termination of California Detectives Welch and Orman as Defendants in this case.[2] (Docket Entry # 40). By letter dated July 1, 2012 and filed on July 9, 2012, Plaintiff submitted what has been characterized as an objection to the R&R, in which he made several additional requests. (Docket Entry # 44). For the reasons stated below, the R&R is adopted in its entirety, and Plaintiff's additional requests are referred to Judge Pollack for adjudication.

    In reviewing a plaintiff's objection to a report and recommendation issued by a magistrate judge, the district court applies the standard of review set forth in 28 U.S.C. § 636(b)(1) and Fed. R. of Civ. Pro. 72(b)(3). Pursuant to both provisions, a district court is to "make a *de novo* determination of those portions of the report or specified proposed findings or

---

[1] All six Defendants and their respective employers were subsequently identified pursuant to two *Valentin* orders issued on February 9, 2012 and April 30, 2012, respectively. (Docket Entries #16 & # 34).

[2] In the R&R, Judge Pollack separately denied without prejudice Plaintiff's request for an order compelling the United States to produce certain discovery.



recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R.Civ. P. 72(b)(3). Upon *de novo* review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court, however, is not required to review a report and recommendation prepared by a magistrate judge or the legal and factual conclusions contained in the report and recommendation if no objections thereto have been made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In an order dated April 30, 2012, Judge Pollack noted that Plaintiff's complaint failed to indicate any way in which Detectives Welch and Orman – who have previously been identified as Pat Welch and Leonard Orman of the Antioch, California Police Department – were involved in Plaintiff's arrest in New York. (Docket Entry #34). As such, Judge Pollack stated that "this Court appears to lack personal jurisdiction over [the California] defendants" and determined that service upon the California defendants could not be effectuated absent additional information. (Docket Entry #34). In response to the April 30, 2012 order, Plaintiff requested the removal of the California defendants from the case. (Docket Entry #38). Accordingly, in the R&R, Judge Pollack recommended the termination of Detectives Welch and Orman as Defendants in the instant action. Because Plaintiff did not object to the recommendation to terminate the California detectives and in fact explicitly requested the termination, this Court hereby adopts the R&R in its entirety.

Separately, Detectives Trotter and Loesch had been identified as Port Authority Detectives John Trotter and Cliff Loesch, respectively, and Captain Rodriguez identified as the supervising officer of the other two Port Authority detectives. (Docket Entries #22, #34 and #38). All three Port Authority detectives were indeed present at the scene of Plaintiff's arrest in New York. By letter dated June 7, 2012 and filed *ex parte*, however, the Port Authority notified the Court that the seized property of Plaintiff had been released to Detective Davis, a special agent at the Federal Bureau of Investigation (the "FBI"), and that the Port Authority and its

former detectives[3] were therefore no longer in possession of Plaintiff's property. Despite the contents of the June 7, 2012 letter from Port Authority, Plaintiff requested in his July 9, 2012 filing that Detective Trotter be served, absent documentary proof that Plaintiff's property had been released by Detective Trotter and/or the Port Authority, because "Trotter was observed by Plaintiff seizing [Plaintiff's property]". (Docket Entry #44).

In his July 9, 2012 letter, Plaintiff also made requests to amend his complaint to include the FBI and the Port Authority as defendants in this action and for production of the death certificates of Captain Rodriguez and Detective Loesh. The Court hereby refers Plaintiff's requests for (i) service of Detective Trotter, (ii) amendment of the complaint and (iii) production of the aforementioned death certificates to Judge Pollack for adjudication, as these requests do not relate to the recommendation made in the R&R despite the characterization of the July 9, 2012 letter as an objection to the R&R.

## CONCLUSION

For the reasons stated above, Magistrate Judge Cheryl Pollack's Report and Recommendation dated June 21, 2012 is adopted in its entirety, and California Detectives Welch and Orman are dismissed from this case. Additional requests made by Plaintiff in his July 9, 2012 filing are hereby referred to Judge Pollack for adjudication.

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: July 23, 2012
Brooklyn, New York

---

[3] The Port Authority also indicated in its June 7, 2012 letter that Detective Trotter has since retired and that Captain Rodriguez and Detective Loesch are both deceased.

3